ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
M. BRIDGET MINDER
Assistant U.S. Attorney
Arizona State Bar No. 023356
Email: mary.minder@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. CR-18-0346-PHX-DJH |
| Plaintiff, | |
| vs. | **GOVERNMENT'S MOTION FOR DETENTION PENDING TRIAL** |
| 1. Dewayne Frederick Johnson, | |
| Defendant. | |

The United States moves this Court to detain defendant Dewayne Johnson pending trial because he is a serious flight risk.  Defendant has a history of failing to appear for court proceedings and his purported ties to the community are not verified.  Defendant is facing a steep sentence (17 years or more) and there is strong evidence against him, giving him a motive to flee.  No condition or combination of conditions will reasonably assure his appearance.

**Background**

Defendants Dewayne Johnson and Antoinette Arangua were charged by Indictment on March 13, 2018, with violations of 18 U.S.C. §§ 371 and 1029(b)(2) (conspiracy), § 1029(a)(3)-(4) (access device fraud), and § 1028A (aggravated identity theft) based on their alleged possession and use of stolen credit card numbers.  The Indictment alleges

defendants used hundreds of stolen credit card numbers and possessed more than a thousand stolen credit card numbers as well as a credit card encoder, credit card embossers, and other materials and equipment they used to create fraudulent credit cards.

Defendant Arangua was arrested on March 15, 2018 (doc. 12) and detained pending trial as a flight risk based on her criminal history and prior failure to appear in court as ordered (doc. 15).[1]

Defendant Johnson was arrested on March 16, 2018. MCSO officers helping federal agents with the arrest took defendant into custody first on an outstanding warrant for local charges. Defendant was released to federal custody on May 2, 2018. *See* Minute Entry for Initial Appearance (doc. 21).

**Argument**

Defendant should be detained because he poses a serious risk for non-appearance at trial and no conditions can reasonably assure his appearance. 18 U.S.C. § 3142(e) & § 3142(f)(2)(A); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (flight risk finding need only be supported by preponderance of the evidence). As detailed below, consideration of the factors listed in 18 U.S.C. § 3142(g) leads to the conclusion that defendant Johnson is a serious flight risk.

    **A.**    **Defendant has motive to flee from the offenses charges (§ 3142(g)(1)).**

Defendant is charged with seven counts stemming from his participation in a stolen credit card scheme, including three counts related to Access Device Fraud in violation of 18 U.S.C. § 1029 and four counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. This Court is permitted to consider possible punishment as an incentive for a

---

[1] Before deciding not to contest detention, defendant Arangua asked to be released to the custody of defendant Johnson's father, Marvin Johnson. Pretrial Services determined Marvin Johnson was not a suitable third-party custodian, however, given his extensive criminal history and outstanding warrant for failure to appear. *See* Addendum to Arangua Pretrial Services Report dated March 19, 2018. That is significant here because, as discussed below, defendant Johnson reports that he shares a home with his father in Youngtown, Arizona. *See* Johnson Pretrial Services Report dated May 2, 2018 (doc. 23).

defendant to flee in assessing a defendant's risk of flight. *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) (defendants deemed to have a greater incentive to consider flight when faced with the possibility of lengthy prison sentences). Defendant faces a possible sentence of 17 years or more if convicted. *See* 18 U.S.C. § 1029(a)(4) (Count 3) (statutory maximum sentence of 15 years); 18 U.S.C. § 1028A (mandatory two-year consecutive sentence).[2]

### B. The evidence is strong against defendant (§ 3142(g)(2)).[3]

There is strong evidence that defendant operated a stolen credit card scheme for many months. The evidence against defendant includes physical surveillance by federal agents who saw defendant use stolen credit card numbers; video surveillance of defendant using stolen credit card numbers; reports from vendors and financial institutions regarding the stolen credit card numbers used by defendant; and tracking information from defendant's cars, placing him at locations where stolen credit card numbers were used.

In addition, in late October 2017, federal agents searched defendant's home and cars, and a Tucson hotel room in which defendant was staying at the time. Agents found (among other things) electronic devices containing nearly 2,000 credit card numbers, more than 100 credit cards, two credit card embossers and 17 pieces of white plastic, and a credit card encoder.

### C. Defendant's has a history of failing to appear for court (§ 3142(g)(3)).

As detailed in the Pretrial Services Report (doc. 23), defendant has a record of non-appearance at court proceedings. The government has been able to obtain some records related to defendant's failure to appear and is working to obtain additional records. The records received so far show that defendant evaded court proceedings for charges related

---

[2] The maximum potential sentence is 23 years as the Court could order the mandatory two-year sentences for the four counts of Aggravated Identity Theft be served consecutively (for a total of eight years).

[3] The weight of the evidence is generally considered the "least important" factor, *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985), however, it is important here to demonstrate defendant's motive to flee to avoid prosecution.

to marijuana possession and driving on a suspended license for more than six years, despite repeated reminders from law enforcement.

Specifically, as set forth in the Pretrial Services Report (doc. 23), defendant was arrested on January 31, 2012 for felony possession of marijuana and misdemeanor possession of drug paraphernalia. He did not appear to resolve those charges and a warrant was issued. Defendant also appears to have had warrants related to charges of driving on a suspended license. Defendant was subsequently arrested on several occasions and reminded of the outstanding warrants. For example, he was arrested on March 22, 2013 by Phoenix Police (who was investigating prostitution allegations), because of four outstanding warrants. Defendant even told police he had warrants when they encountered him. *See* Phoenix Police Report for Incident 201300495532.[4] Eight days later, he was arrested by Tempe Police (who conducted a traffic stop of defendant and immediately smelled marijuana) because of the felony warrant for possession of marijuana arising from defendant's January 31, 2012 arrest. *See* Tempe Police Report #2013-29724.

Defendant did not resolve the warrant, however, and it was still outstanding on October 26, 2017, when federal agents were executing search warrants in this investigation. Tucson police, who were assisting Secret Service with the searches, arrested defendant on the outstanding warrant. *See* Tucson Police Report for Case No. 1710260430. Even then, defendant did not resolve it and it was still outstanding when he was arrested on March 16, 2018 for the instant offenses. (He spent nearly seven weeks in state custody on the marijuana charges. He pleaded guilty on April 30, 2018, and was sentenced to probation.)

If defendant failed to appear for more than six years to resolve relatively minor violations like possession of marijuana or driving on a suspended license, there is no assurance that defendant will appear in this case given the much steeper penalties he is facing.

---

[4] The government will provide these police reports to defense counsel and the Court.

**D.     Defendant's other history shows he is a flight risk (§ 3142(g)(3)).**

In addition to his history of non-appearance at court proceedings, defendant's other history and characteristics suggest he is a flight risk and his ties to the community are not verified by credible information.

First, defendant's employment history is questionable. Defendant self-reports a long history of employment as a professional mover, but surveillance and tracking information gathered in this case directly contradict his claim. During the months federal agents were watching defendant, he spent only a limited amount of time at Low Budget Moving, primarily during the time period immediately before he rented a new apartment with defendant Arangua. Otherwise, defendant's movements were consistent with the credit card scheme detailed in the indictment (e.g., multiple visits a day to gas stations and convenience stores in Phoenix and Tucson)—not with someone engaged in legitimate, full-time work as a mover.[5]

Second, it is not clear where—or with whom—defendant lives. Defendant says he lives with his fiancé, Rachael Brogan, their two children, Ms. Brogan's child from a prior relationship, and defendant's father, at a rented home on Elk Avenue in Youngtown. *See* Johnson Pretrial Services Report dated May 2, 2018 (doc. 23). Defendant Arangua, however, reported to Pretrial Services that until her arrest on these charges, she lived with defendant Johnson (who she described as her boyfriend) and their child in an apartment on North 27th Avenue in Phoenix. *See* Arangua Pretrial Services Report dated March 15, 2018. And when Pretrial Services contacted defendant's father about being a third-party custodian for defendant Arangua, he purported to live in California—not Youngtown. *See* Addendum to Arangua Pretrial Services Report dated March 19, 2018 (report Mr. Johnson said he would move from California to Arizona to be Arangua's third-party custodian).

Third, defendant has a long history of drug use. He reports using marijuana since

---

[5] Police reports obtained by the government, in addition to other evidence gathered in this case, also suggest defendant was involved in prostitution like his co-defendant.

age 21 (16 years), has several marijuana-related arrests, and admits to daily use of marijuana. *See* Johnson Pretrial Services Report dated May 2, 2018 (doc. 23). Defendant still tested positive for marijuana on May 2, 2018, even after being in state custody for nearly seven weeks. *Id*.

**Conclusion**

For all of the reasons set forth above, the government believes defendant is a serious flight risk and there is no condition or combination of conditions to reasonably assure his appearance. Defendant should be detained.

Respectfully submitted this 9th day of May, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/M. Bridget Minder*
M. BRIDGET MINDER
Assistant U.S. Attorney

**Certificate of Service**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Kaitlin Verdura.

*s/Gaynell Smith*
U.S. Attorney's Office